UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY MAESTAS,<br><br>    Plaintiff,<br><br>  v.<br><br>C.S.A.T.F. PRISON,<br><br>    Defendant. | Case No. 1:23-cv-00419-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE<br><br>(ECF No. 13)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS<br><br>ORDER TO ASSIGN A DISTRICT JUDGE |

      Plaintiff Randy Maestas is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Pending before the Court for screening under 28 U.S.C. §§ 1915 & 1915A is the First Amended Complaint (FAC). (ECF No. 13).

      Plaintiff alleges Eighth Amendment claims against several correctional officers based on various actions that include interference with mail, denial of toilet paper, denial of a request for correctional officer's badge, triggering of an alarm code and removal of Plaintiff from the "chow hall," and use of excessive force.

      Upon review, the Court finds the FAC fails to state any cognizable federal claim and recommends the district court dismiss this case for failure to state a claim. Plaintiff has thirty days from the date of service of these Findings and Recommendations to file his objections.

1

## I. BACKGROUND

Plaintiff filed the Complaint commencing this action on March 21, 2023. (ECF No. 1). On June 28, 2023, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 11). The Court found that Plaintiff's claims were barred by sovereign immunity because Plaintiff named California Substance Abuse Treatment Facility (CSATF) as the sole Defendant (*Id.* at 4–5). Plaintiff's Complaint also failed to comply with Rule 8(a) because it did not have a short and plain statement of his claim. Further, while Plaintiff referred to Officer Belt and an incident that took place on December 16, 2022, Plaintiff did not describe what happened that day and how it violated Plaintiff's constitutional rights. (*Id.*) The Court then provided legal standards for relevant types of claims "to assist Plaintiff in determining whether to file an amended complaint." (*Id.* at 6–7).

The Court gave Plaintiff thirty days to either (1) file an amended complaint attempting to cure the deficiencies identified in the screening order; or (2) notify the Court in writing that he wishes to stand by the complaint as written. (ECF No. 11 at 9).

On July 17, 2023, Plaintiff filed First Amended Complaint. (ECF No. 13).

## II. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

In his First Amended Complaint, Plaintiff again names CSATF as a Defendant, but also adds Timothy Belt, Bryan D. Phillips (identified as Warden), Samantha Solorio (identified as a Correctional Officer), Brittany Mendoza (also a Correctional Officer) as Defendants. (ECF No. 13 at 2–3).

Plaintiff alleges that the following rights were violated as his first claim: "Freedom from cruel and unusual punishment 911 Civil Rights an constitutional voilations [sic] for investigation." (*Id.* at 3). Above the prompt for causes of action, he also writes in "interfering with the U.S. legal mail and caught-video-witness." (*Id.*) In support of this claim, he alleges that Defendants Solorio and Mendoza interfered with the U.S. legal mail and were caught on video, but the prison swept it under the rug. (*Id.*) Plaintiff also alleges that on June 25, 2023, Defendant Solorio denied his request for a roll of toilet paper even though she knew that Plaintiff is incontinent. (*Id.* at 4). She also denied Plaintiff's request for her badge number on

June 27, 2023. (*Id.*) Solorio "put a prison code they ran ½ way and stopped seeing me in a wheelchair . . . She said watch what I do to you. She had me tossed in the hole." (*Id.*)

For his second claim, Plaintiff again alleges he experienced cruel and unusual punishment in violation of the Eighth Amendment because "the C/O that took [Plaintiff] out of the chow hall said there was no reason this should have happened." (*Id.*) "This" seems to refer to an "alarm" or "code" being called in by Solorio, which resulted in officers rushing Plaintiff. (*Id.*) Plaintiff also alleges that Belt was using unnecessary excessive force on the Plaintiff, even though Plaintiff is 64 years old and disabled, cannot walk on his own, is in a wheelchair, blind in both eyes and deaf in both ears, incontinent, under doctor's care as well as psychiatric help. (*Id.*) Belt is mad because of "all the proof" and lawsuit against him. (*Id.*)

In requesting relief, Plaintiff states he wants the badges of all three officers confiscated and disciplinary actions taken on all of them, and three criminal arrests as well. (*Id.*) He also wants $50,000 for his abuse and suffering. (*Id.*) Finally, Plaintiff wants Warden Phillips removed from the prison, to be fired, and to pay Plaintiff $25 million for damages, and "all go to hell and burn!" (*Id.*)

### III.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may screen the complaint under 28 U.S.C. § 1915. That statute requires that the Court dismiss the case at any time if it determines that the action is either frivolous or malicious, or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

\\\
\\\
\\\

## IV. ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

### A. 42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 1949–50.

### B. Eleventh Amendment Immunity

Plaintiff's FAC again names CSATF as a defendant. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting

in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override . . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), *cert. denied*, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

Plaintiff's claims against CSATF are thus barred by the doctrine of sovereign immunity.

### C.  Federal Rule of Civil Procedure 8

Like Plaintiff's original complaint, Plaintiff's First Amended Complaint fails to comply with Rule 8 of Federal Civil Procedure. As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676–77.

1    Here, Plaintiff's FAC fails to comply with the pleading requirements of Rule 8.
2  It consists almost exclusively of conclusory allegations against the three correctional officers.
3  For example, the FAC adds Warden Bryan D. Phillips as a Defendant (ECF No. 13 at 3), but
4  does not describe any facts about what Warden Phillips did or failed to do. Similarly, the FAC
5  alleges Defendants Solorio and Mendoza engaged in "interfering with the U.S. legal mail" but
6  does not allege any facts to support this claim. (*Id.*) As before, FAC mentions Defendant Belt,
7  but does not allege any facts to support a claim of excessive force. (*Id.* at 5). These conclusory
8  allegations so not contain sufficient factual matter, even if accepted as true, to state a claim that
9  is plausible on its face.

10   Because the Court advised Plaintiff of these legal standards in its previous screening
11  order, the Court recommends dismissal on this basis without further leave to amend.

### D.  Eighth Amendment Claims

13   To the extent Plaintiff does allege some facts against certain Defendants, Plaintiff's
14  allegations do not amount to cruel and unusual punishment in violation of the Eighth
15  Amendment.

16   "[W]henever prison officials stand accused of excessive physical force in violation of
17  the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-
18  faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."
19  *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). In analyzing an excessive force claim, courts
20  consider the following factors: the need for the application of force, the relationship between
21  the need and the amount of force used, the extent of the injury suffered, the threat reasonably
22  perceived by the responsible officials, and any efforts made to temper the severity of a forceful
23  response. *See id.* at 7.

24   "It is undisputed that the treatment a prisoner receives in prison and the conditions
25  under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment."
26  *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832
27  (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and
28  harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d

1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Two requirements must be met to show an Eighth Amendment violation. *Farmer*, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (citation and internal quotation marks omitted). Second, "a prison official must have a sufficiently culpable state of mind," which for conditions of confinement claims "is one of deliberate indifference." *Id.* (citations and internal quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. *Id.* at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Here, Plaintiff alleges an Eighth Amendment claim based on the allegation that on June 25, 2023, Defendant Solorio denied Plaintiff his request for a roll of toilet paper and two days later, on June 27, 2023, denied his request for her badge number, followed by calling an alarm (or "prison code") and removal of Plaintiff from a dining facility. (ECF No. 13 at 4).[1] As to the denial of the toilet paper on one occasion, this allegation is not objectively sufficiently serious to state an Eighth Amendment violation. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson*, 503 U.S. at 9 (internal quotation marks and citations omitted); *see also Cardenas v. Base*, No. CV-04-5080-RHW, 2006 WL 151937, at *3

---

[1] These claims were not part of the original complaint, ECF No. 1, and although Plaintiff was granted leave to amend, he was cautioned that it was "not for the purposes of changing the nature of this suit or adding unrelated claims." (ECF No. 11 at 8).

(E.D. Wash. Jan. 18, 2006) (the denial of toilet paper for almost six hours does not meet the objective test for cruel and unusual punishment).

As for the allegation that Defendant Solorio refused to disclose to Plaintiff her badge number, this too does not state an Eighth Amendment claim. Plaintiff does not allege that any force was used, not to mention excessive force, or that he was exposed to any excessive risk to inmate health or safety. Nor does he allege that Defendant Solorio took any action with deliberate indifference to his health or safety.

Plaintiff also alleges that Defendant Solorio called in "code" or "alarm" and caused Plaintiff to be removed from the dining facility after he asked Defendant Solorio for her badge number. However, Plaintiff does not allege that Defendant Solorio used any force, or that any force at all was used in removing him from the dining hall by other officers. Plaintiff makes no allegations that Defendant Solorio acted maliciously and sadistically to cause him harm rather than in a good faith effort to maintain or restore discipline. He also alleges no injuries. Therefore, these allegations also fail to state a constitutional violation.

## V.     CONCLUSION, RECOMMENDATIONS, AND ORDER

For the reasons set forth above, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable federal claim against any Defendant. The Court also finds further leave to amend this claim is not warranted because Plaintiff was previously advised of pleading requirements of Rule 8 and Plaintiff nevertheless fails to allege any plausible claim. In its screening order, the Court explained to Plaintiff the deficiencies in his complaint, provided Plaintiff with relevant legal standards, and granted Plaintiff an opportunity to amend his complaint. The Court therefore concludes that further amendment would be futile and therefore recommends Plaintiff's case be dismissed for failure to state a claim.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign a district judge to this case.

//
//
//

It is further **RECOMMENDED**:

Plaintiff's First Amended Complaint (ECF No. 13) be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §1915(e)(2)(B)(ii) and the Clerk of Court be directed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __January 18, 2024__           /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

9